**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN BURNS<br>211 Hickory Avenue<br>Feasterville, PA 19053 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff,<br>v. | :<br>:<br>:<br>: | DOCKET NO.: |
| CITY OF PHILADELPHIA<br>o/a PHILADELPHIA POLICE<br>DEPARTMENT<br>1401 JFK Blvd.<br>Office 215<br>Philadelphia, PA 19106 | :<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

## COMPLAINT

John Burns ("Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff initiates this action to redress violations by the City of Philadelphia o/a the Philadelphia Police Department ("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq.*), the Philadelphia Fair Practices Ordinance ("PFPO"), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA/PFPO is referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA.  Plaintiff's PHRA/PFPO claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights violations under the ADA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is the nation's fourth largest police department, with over 6300 sworn members and 800 civilian personnel, with an address as set forth in the above caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Defendant employed Plaintiff as a full-time Police Officer 1 from on or about September 10, 2007, through his unlawful termination, discussed herein, on or about June 23, 2023.

12. In total, Plaintiff was employed as a Patrolman/Police Officer for nearly sixteen (16) years and was a hard-working and dedicated public servant with no history of discipline/performance issues.

13. Plaintiff suffers from numerous serious medical conditions and associated symptoms and complications. By means of illustration only, Plaintiff suffers from radiculitis of the lumbar spine, lumbar radiculopathy, sciatica, lower extremity axonal-motor neuropathy, sural and superficial peroneal nerves which result in chronic pain in his back, legs and upper extremities.

14. These aforesaid disabilities, at times, substantially limit Plaintiff's ability to perform daily life activities such as managing pain, bending, twisting, lifting, sitting, walking, and running.

15. As a result of Plaintiff's aforementioned disabilities, he was placed out of work as a Patrolman between in or about October 2020 through January 2021.

16. Upon returning to work in or about January 2021, Defendant assigned Plaintiff to light duty at Defendant's Criminal Justice Center.

17. Defendant's policies and procedures provide that anytime a police officer has medical restrictions, they are universally assigned light or restricted duty, sedentary duty, or other roles that can be performed.

18. There are countless examples of other police officers being assigned light duty as it is not only common, but the expected practice and protocol (and required by both Defendant's policies and the Collective Bargaining Agreement in place between Defendant and the FOP).

19. On or about April 27, 2021, Plaintiff suffered a work-related injury to his neck that exacerbated his aforementioned disabilities.

20. Specifically, while working light duty at the Criminal Justice Center, a co-worker and fellow police officer struck Plaintiff in his upper back/lower neck area.

21. Due to this injury, and his aforementioned disabilities, Plaintiff was placed out of work beginning on or about April 2021 until he was cleared to return to work for light/restricted duty on or about January/February 2023, with a return-to-work date for full duty by August 2023.

22. Plaintiff kept in constant communication with Defendant and apprised him of his return-to-work dates and expectation to be cleared for full duty no later than August 2023.

23. Plaintiff returned to work on light duty/restricted status in or about February 2023 and was assigned to the body camera room (a light duty assignment).

24. As aforesaid, officers are universally assigned "light duty" or "restricted duty" roles, and light duty for a police officer is <u>very easy and common</u> to accommodate.

25. Plaintiff performed this role for approximately one (1) week before Defendant informed Plaintiff that he was being sent home and not permitted to resume work at all because Defendant could not locate him or his certifications on the DAR system.

26. Plaintiff protested and disputed there were any issues with either his certifications or training and offered to address any actual issues.

27. However, this bogus reasoning was simply pretext to prevent Plaintiff from working as Defendant promptly began to refuse to communicate with Plaintiff thereafter.

28. Defendant intentionally then stonewalled Plaintiff's repeated and numerous attempts to return to work.

29. By way of explanation, Plaintiff would make weekly and monthly efforts to communicate with Defendant to return to work, but Defendant failed to respond in any meaningful way.

30. For example, between February 2023 and May 2023, Plaintiff continuously communicated with Jen Bryan ("Bryan"), who was the Captain's Aide, about his return to work. Bryan provided no answers to Plaintiff and kept relaying obviously obstructive reasons as to why Plaintiff could not come back to work (i.e. one of his doctor's notes was unacceptable because it was not the "original").

31. Plaintiff was also going monthly to Defendant's Medical Unit as required with his current medical information.

32. By way of further example, on or about May 18, 2023, Plaintiff emailed Defendant's HR Manager Heather McCaffrey ("McCaffrey") and explained that he "had reached

5

out to your office numerous times in regard to this matter and was told I would receive a call back and I did not at all."

33. To be clear, Plaintiff was pleading to be returned to work, called McCaffrey nearly thirty (30) times, but McCaffrey and Defendant's other managers were non-responsive and ignored Plaintiff. Simply put, there was no interactive accommodation process whatsoever.

34. On or about May 18, 2023, after being continually ignored and growing frustrated, Plaintiff also submitted a memorandum to John Stanford ("Stanford"), Defendant's Deputy Police Commissioner seeking to return to work on light/restricted duty and notifying the Deputy Police Commissioner that his restrictions would "expire on August 16, 2023."

35. Plaintiff received no response to his memorandum, but shortly thereafter, on or about July 3, 2023, Defendant terminated Plaintiff's employment via a nonsensical letter stating that he had been terminated June 23, 2023, for "abandoning" his position (which was utterly and disgustingly false).

36. Plaintiff was **not**: (1) permitted to continue working light duty or restricted duty from January – August of 2023; (2) given any interactive dialogue or process about accommodations; (2) given his entitlement of restricted or light duty for a period of 6 months, subject to an extension per policies; (3) given any of hundreds of potential light or restricted-duty roles; (4) talked to about circumstances of his continued employment prior to termination for alleged job abandonment; (5) accommodated in any manner despite many reasonable available accommodations; or (6) permitted to resume full duty despite expecting to be cleared for full duty as of August of 2023.

37. These actions constitute unlawful discrimination and retaliation by Defendant.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
([1] Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

40. Plaintiff kept Defendant City's management informed of his serious medical conditions and need for medical treatment and other accommodations.

41. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant City; however, Plaintiff did require reasonable accommodations at times.

42. Plaintiff requested intermittent leave for doctor's visits and to care for his aforesaid health conditions, as well as light duty work.

43. While Plaintiff initially granted some accommodations, they inexplicably stopped and denied Plaintiff's requests and refused to engage in any interactive dialog with him.

44. Specifically, Plaintiff was **not**: (1) permitted to continue working light duty or restricted duty from January – August of 2023; (2) given any interactive dialogue or process about accommodations; (2) given his entitlement of restricted or light duty for a period of 6 months, subject to an extension per policies; (3) given any of hundreds of potential light or restricted-duty roles; (4) talked to about circumstances of his continued employment prior to termination for alleged job abandonment; (5) accommodated in any manner despite many reasonable available accommodations; or (6) permitted to resume full duty despite expecting to be cleared for full duty as of August of 2023.

45. Plaintiff avers that his known and/or perceived disabilities and/or his record of impairment was the motivating/determinative factor in Defendant's decision to not accommodate his requests for reasonable accommodations and terminate his employment.

46. Plaintiff avers that Defendant terminated him because Defendant refused to engage in the interactive process and/or refused to accommodate Plaintiff's disabilities.

47. Plaintiff avers that Defendant terminated his employment because he opposed discriminatory employment practices and/or requested reasonable accommodations (which constituted protected activities).

48. Defendants' unlawful discrimination and retaliation constitutes violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to

punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

   D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

   E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

   F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

   G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

          Respectfully submitted,

          **KARPF, KARPF & CERUTTI, P.C.**

    By: _____
          Ari R. Karpf, Esq.
          3331 Street Road
          Two Greenwood Square
          Building 2, Ste. 128
          Bensalem, PA 19020
          (215) 639-0801

Dated: April 30, 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| John Burns | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia o/a Philadelphia Police Department | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 4/30/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 211 Hickory Avenue, Feasterville, PA 19053

Address of Defendant: 1401 JFK Blvd, Office 215, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/2024        *(signature)*        ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

**B. Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/30/2024        *(signature)*        ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BURNS, JOHN

**DEFENDANTS**
CITY OF PHILADELPHIA O/A PHILADELPHIA POLICE DEPARTMENT

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1. U.S. Government Plaintiff
X 3. Federal Question *(U.S. Government Not a Party)*
2. U.S. Government Defendant
4. Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District *(specify)*
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, the PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE: 4/30/2024

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print   Save As...   Reset